In the Matter of the Arbitration between SAMUEL STANLEY, as Administrator of the Estates of GEORGE STANLEY, Deceased, and Another, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Order, entered on August 13, 1963, denying arbitration pending a determination of whether or not insurance was in effect at the time of the accident and directing trial of said issue unanimously modified, on the law, to add as an additional issue whether the deceased were at the time of the accident "insureds" within the meaning of the Standard New York Accident Indemnification Endorsement and, as so modified, unanimously affirmed, without costs. Special Term correctly decided that the issue of whether the automobile allegedly causing the accident was or was not insured at the time of the accident was a preliminary issue not embraced within the provisions for arbitration and, as such, requiring a trial before arbitration could be invoked (*Matter of MVAIC* [Lindner] 17 A D 2d 610). The papers presented an additional question as to the status of the deceased persons represented here by their administrator, and this issue should be similarly disposed of. Concur — Breitel, J. P., McNally, Eager, Steuer and Staley, JJ.

GLADYS JAMISON, Respondent, v. WILLIAM JAMISON, Appellant.— Order, entered on January 27, 1964, fixing temporary alimony and counsel fees, affirmed, with $20 costs and disbursements to respondent. Concur — McNally, Eager and Staley, JJ.; Breitel, J. P., and Steuer, J., dissent in part and would vote to reduce the amount of temporary alimony awarded, on the ground of excessiveness, and would othewise affirm.

MILDRED HAMMOND et al., Appellants, v. CITY OF NEW YORK, Respondent.— Order entered December 20, 1963, denying plaintiffs' motion to open their default and to vacate the dismissal of their complaint, and the judgment entered November 27, 1963, dismissing the complaint for failure to proceed to trial, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, the motion to vacate the dismissal and the judgment thereon granted and the action is ordered restored to its proper place on the Ready Personal Injury Jury Calendar, Supreme Court, Bronx County. It was an improvident exercise of discretion on the part of the trial court to mark the cause peremptorily against plaintiffs in the first instance and subsequently to dismiss the complaint when an unqualified affidavit of serious illness was presented on behalf of the attorney for the plaintiffs. In the circumstances a further adjournment of the cause was indicated. Concur — Breitel, J. P., McNally, Eager, Steuer and Staley, JJ.